## IN RE HOSFORD.

### (245 N. W. 822.)

(File No. 7110. Opinion filed December 13, 1932.)

M. Q. *Sharpe,* Attorney General, for Accusers.

*Geo. A. Buffington,* of Dallas, and *Tom Kirby,* of Sioux Falls, for Accused.

PER CURIAM. This proceeding seeking the disbarment of the above-named P. A. Hosford was instituted by an accusation in writing by the Tripp County Bar Association filed with the Attorney General and by him brought to the attention of this court. The matter being referred to the Attorney General for investigation as contemplated by section 5275, Rev. Code 1919, a formal complaint or accusation was subsequently drawn by him and served upon the accused and a reference was ordered. The complaint as amended embraced some twelve separate charges of improper and unprofessional conduct. The referee made his report to this court on October 17, 1932. Subsequently the matter was brought on for hearing before us on November 18, 1932, the Attorney General moving the adoption of certain findings of the referee and the rejection of others and a similar motion being made in behalf of the accused. The entire matter was orally argued by the Attorney General and by counsel for the accused, time was fixed for filing typed briefs, and the matter is now for disposition upon such motions, both of which go to the question of our adoption of the report and recommendation of the referee.

To undertake to recite in detail the several charges in the amended complaint, and to set out and review the evidence offered concerning each charge together with the specific findings of the referee relating thereto would not be helpful to any one. The referee in this case is a member of the bar of this court, of ability, wide experience, and high standing. His appointment as referee was satisfactory both to the Attorney General and to the accused. He heard the entire matter and filed a careful and comprehensive report together with a transcript of all evidence and exhibits. He has found the accused guilty of unethical and improper professional conduct in the solicitation of business. He has likewise found the accused guilty of improper and unethical conduct involving moral turpitude and subornation of perjury by "framing up" a defense in a criminal case. He has found the evidence insufficient to establish the other charges embraced in the amended complaint. We have examined the entire record with care. We are convinced that the referee gave the accused the full benefit of all doubts and that, if he erred in his findings, such error was upon the side of charity toward the accused. We adopt the findings of the referee.

The recommendation of the referee based upon his findings is as follows:

"The accused has been actively engaged in the practice of law in this state for a period of about a quarter of a century and I believe that it is his sole source of income. He is in poor health as shown by the affidavits of the two doctors filed in connection with the Defendant's application for a continuance, and which are contained in the record, and in addition thereto, I am credibly informed that his eye-sight is seriously impaired.

"Believing that under the rule stated by this Court and other Courts, in proceedings of this nature, the sole question to be determined is the then fitness of an attorney at law to be entrusted with the duties and responsibilities incident to his profession, and that a suspension or disbarment is not imposed as a penalty, but to guard the administration of justice and protect the courts, the profession and the public, I believe and recommend that the Court should be lenient with the accused, and not absolutely disbar him, but by suitable judgment impress upon the accused the necessity in the future of abstaining from any illegal or improper acts in his professional capacity."

That deliberate subornation of perjury, which was found as a fact by the referee and which we regard as established beyond reasonable doubt in this case, is ample to justify disbarment must be admitted. It might almost be said to require disbarment. The determination of these cases is never free from difficulty. This court has an acute realization of the importance of the matter to the accused and must likewise recognize its responsibilities to the profession and the public. We have weighed the matter as best we can and are inclined to accept the view of the referee that the instant case may be adequately dealt with by something less than absolute disbarment. The accused is a lawyer of ability. The offense he has committed cannot be disregarded. If, instead of being disbarred, he is suspended for a period of time, we entertain both the hope and the opinion that he can and will thereafter conduct his practice of his chosen profession in such manner that no proper exception can be taken thereto.

It will be the judgment of this court that all right and license of the accused to engage in the practice of law be suspended for the period of one year from and after the entry by this court of proper order to that effect pursuant to this opinion.

All the Judges concur excepting POLLEY and ROBERTS, JJ., disqualified and not sitting.